IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-3446-BO

| | |
|---|---|
| DOMINIQUE JAMIL BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TA'NESHA S. CHERRY, et al., ) | |
| ) | |
| Defendants. ) | |

On December 8, 2022, Dominique Jamil Butler ("Butler" or "plaintiff"), a state inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1]. On May 5, 2023, the court reviewed the complaint and allowed the action to proceed against defendants Ta'Nesha S. Cherry ("Cherry"), Lashonda M. Demery ("Demery"), and Dontraga Whitaker ("Whitaker")[1] [D.E. 11]. The court also granted in part Butler's motion for appointment of counsel and directed North Carolina Prisoner Legal Services, Inc. ("NCPLS") to inform the court whether it was able to accept appointment to conduct discovery on Butler's behalf. See id. at 2. On May 26, 2023, NCPLS notified the court that it was able to accept appointment to conduct discovery on Butler's behalf [D.E. 13]. On October 11, 2023, the court granted Butler's motions to amend the complaint and allowed the action to proceed against defendant Malika Farmer ("Farmer") [D.E. 34].

On October 6, 2023, and February 26, 2024, defendants Whitaker and Farmer answered the complaint [D.E. 33, 49]. On December 13, 2023, the court granted the Attorney General's motion to withdraw as counsel for defendants Cherry and Demery, and directed these defendants to answer or otherwise respond to the complaint on or before January 5, 2024 [D.E. 42]. On

---

[1] The clerk shall amend the docket to reflect the correct name of defendant Dontraga Whitaker. See [D.E. 15] 1; [D.E. 56] 1; [D.E. 58] 1.

August 6, 2024, new counsel entered a notice of appearance on behalf of all defendants [D.E. 56, 58]. On the same date, defendants Cherry and Demery answered the complaint [D.E. 57].

On August 8, 2024, the court entered a scheduling order providing for a period of discovery and a dispositive motions deadline [D.E. 59]. On August 26, 2024, NCPLS entered a limited notice of appearance to conduct discovery on Butler's behalf [D.E. 60]. NCPLS moves to withdraw as counsel [D.E. 61]. Butler moves for entry of default judgment against defendants Cherry and Demery [D.E. 52] and copies of court filings [D.E. 53].

As for Butler's motion for entry of default judgment against defendants Cherry and Demery, the court construes defendants' untimely answer to the complaint as a motion to set aside default. See Wall v. China, No. 2:12-CV-618, 2013 WL 212611, at *2 (D.S.C. Jan. 7, 2013) (unpublished), report and recommendation adopted sub nom. Wall v. Fraser, No. 2:12-618, 2013 WL 247630 (D.S.C. Jan. 23, 2013) (unpublished); cf. Vick v. Wong, 263 F.R.D. 325, 329 (E.D. Va. 2009). The court has considered the motion under the governing standard. See Fed. R. Civ. P. 55(c); Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417–21 (4th Cir. 2010). Cherry and Demery alleged a meritorious defense and acted promptly in responding to Butler's motion for entry of default. See Wall, 2013 WL 212611, at *2; Vick, 263 F.R.D. at 330. Although Cherry and Demery are responsible for the delay in filing their answer, "delay in and of itself does not constitute prejudice to the opposing party." Colleton Preparatory Acad., 616 F.3d at 418; see Vick, 263 F.R.D. at 330. Thus, the court grants defendants' motion and denies Butler's motion for entry of default.

As for Butler's motion for copies of court filings, a pro se litigant is responsible for properly maintaining legal records. See Banks v. Asbell, No. 5:18-CT-3111, 2019 WL 1493697, at *1 (E.D.N.C. Apr. 4, 2019) (unpublished); Clegg-Arrs v. Wiggins, No. 5:15-CT-3060, 2015 WL

2

4760705, at *3 (E.D.N.C. Aug. 12, 2015) (unpublished). If Butler requires copies of court filings, the clerk of court will provide such copies for a fee of fifty cents per page. See 28 U.S.C. § 1914 n.4 (District Court Miscellaneous Fee Schedule). Butler may submit his request for copies of court filings directly to the clerk of court and pay the required fee. Thus, the court denies the motion.

As for NCPLS's motion to withdraw as counsel, NCPLS states that it recently became aware of a conflict of interest that prevents NCPLS from representing Butler. See [D.E. 61] ¶ 5. Thus, the court grants the motion to withdraw as counsel, terminates NCPLS's limited appearance for plaintiff, and extends the scheduling order deadlines. The parties shall have until December 30, 2024, to finish conducting discovery and until January 28, 2025, to file any dispositive motions.

As for Butler's request for production of documents, see [D.E. 63], the court informs Butler that discovery materials, including requests for documents, are not to be filed with the court unless by court order or for use in the proceedings, such as to support a motion to compel. See Local Civil Rule 26.1(a). Thus, Butler must serve any further discovery requests directly on counsel for defendants.

In sum, the court DENIES plaintiff's motions [D.E. 52, 53]. The court GRANTS NCPLS's motion to withdraw as counsel [D.E. 61] and TERMINATES NCPLS's limited appearance for plaintiff. The court EXTENDS the scheduling order deadlines. The parties shall have until December 30, 2024, to finish conducting discovery and until January 28, 2025, to file any dispositive motions. The court DIRECTS the clerk to update the docket with the correct name for defendant Whitaker as set forth above in footnote one.

SO ORDERED, this __1__ day of October, 2024.

_Terrence Boyle_
TERRENCE W. BOYLE
United States District Judge